William H. Wimsatt, SBN 68042
Peter T. Cathcart, SBN 93611
**MAGAÑA, CATHCART & McCARTHY**
1801 Avenue of the Stars, Suite 600
Los Angeles, California 90067-5801
Telephone: (310) 553-6630
Facsimile: (310) 407-2295

Attorneys for Plaintiffs,
Steven Shafran, and Minors Anne M. Shafran,
Margaret C. Shafran, Reid J. Shafran, and
Isabelle B. Shafran, by and through their
Guardian Ad Litem, Jay Shafran

FILED
2008 JAN 22 PM 2:28
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____KMK_____DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

STEVEN SHAFRAN; ANNE M. SHAFRAN, a minor, by and through her Guardian Ad Litem, JAY SHAFRAN; MARGARET C. SHAFRAN, a minor, by and through her Guardian Ad Litem, JAY SHAFRAN; REID J. SHAFRAN, a minor, by and through his Guardian Ad Litem, JAY SHAFRAN; ISABELLE B. SHAFRAN, a minor, by and through her Guardian Ad Litem, JAY SHAFRAN,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA; CESSNA AIRCRAFT COMPANY, a corporation; and DOES 1 through 20, inclusive,

    Defendants.

CASE NO. **'08 CV 0116 IEG NLS**

**COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION AND DEMAND FOR JURY TRIAL**

COME NOW PLAINTIFFS, STEVEN SHAFRAN, and ANNE M. SHAFRAN, MARGARET C. SHAFRAN, REID J. SHAFRAN, ISABELLE B. SHAFRAN, minors, by and through their Guardian Ad Litem, JAY SHAFRAN, and

1

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION

for a cause of action against defendant, UNITED STATES OF AMERICA, complain and allege as follows:

## FIRST CAUSE OF ACTION

### (Negligence under F.T.C.A.)

1. This action is brought by virtue and under the provisions of the Federal Tort Claims Act, 28 USC section 1346 (b)(1) in that it is a claim against the United States of America for money damages, for injury, for loss of property, or personal injury or death caused by the negligence or wrongful act or omission of an employee of the United States government while acting within the scope of his or her office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

2. At all times herein mentioned, the negligence or wrongful acts or omissions complained of herein were by and through an employee of the United States of America while acting within the scope of his or her office or employment; and at all times herein mentioned said negligence or wrongful acts or omissions occurred within the state of California or pertain to a certain localizer navigation facility at McClellan-Palomar Airport located in or near Carlsbad, California.

3. That venue pursuant to 28 USC section 1402 (b) is proper within the United States District Court, Southern District of California in that the accident occurred within the United States District, Southern District of California.

4. That at all times herein mentioned, plaintiffs were and at the time of the commencement of this action are citizens of the United States. Plaintiff Steven Shafran is the surviving spouse of Janet Shafran, deceased; and, Anne M. Shafran, Margaret C. Shafran, Reid J. Shafran, Isabelle B. Shafran, minors, are the surviving children of Janet Shafran, now deceased. Plaintiffs, and each of them, are residing in Washington, D.C.

///

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION

5. That prior to the filing of this action, Jay Shafran, the grandfather of Anne M. Shafran, Margaret C. Shafran, Reid J. Shafran, and Isabelle B. Shafran, minors, was and has been duly appointed guardian ad litem for said minors by the San Diego County Superior Court, North District, as set forth in Case No. 37-207-00050767-CU-PO-NC, which is presently pending in Department N-31 before The Honorable Lisa Guy-Schall. Jay Shafran is a citizen of the United States and a resident of the state of California.

6. That prior to the filing of this action plaintiffs and each of them duly filed claims for damages against defendant United States of America, which claims were denied on 20 November 2007.

7. That at all times herein mentioned defendant United States of America by and through its agency, the Federal Aviation Administration, owned, operated, positioned, maintained, controlled, managed, inspected, constructed, or provided warnings concerning air navigation facilities at and around many and various airports within the United States.

8. That at all times herein mentioned defendant United States of America by and through its agency the Federal Aviation Administration, owned, operated, positioned, maintained, controlled, managed, inspected, constructed, or failed to warn of hazards of a certain air navigation facility, the localizer antenna and structure and supports for Runway 24 at McClellan-Palomar Airport located in or near Carlsbad, California, the place of the accident described herein.

9. That at all times herein mentioned defendant United States of America employed personnel for work on, at or regarding the above-described localizer navigation facility, who at all times herein mentioned were acting within the course and scope of their employment and, at or regarding said facility.

10. That at the time of the accident herein described, according to the preliminary report of the National Transportation Safety Board (NTSB), "according to numerous witnesses, the aircraft came across the runway threshold at a speed

significantly higher than they had observed with other aircraft of the same or similar model. It reportedly touched down more than 1,500 feet down the runway whereupon the thrust reversers were deployed and then ultimately stowed. The aircraft lifted off the surface near the departure end of the runway, but its landing gear impacted the localizer platform structure, and its left wing tip collided with a platform access ladder attached to the far left side of the platform. The aircraft then traveled approximately 400 feet past that point, whereupon it settled into the terrain, and then impacted much of the external surface of the 150-foot-long commercial self-storage building. Just after coming to rest at the end of the storage building, the aircraft burst into flames and except for the empennage and engines, was almost totally consumed by the ensuing fire."

    11.    That the runway used by Cessna Citation Airplane bearing FAA registration N86CE at the time of the accident was Runway 24 at McClellan-Palomar Airport. The aircraft impacted the localizer platform and ladder just off of the departure end of this same runway.

    12.    That prior to and at the time of the accident, the localizer platform and ladder were not frangible or on frangible mounts and there was no notice to airman (NOTAM) of this dangerous condition, among others.

    13.    That prior to and at the time of events more particularly described herein defendant United States of America by and through its personnel and employees working for or with the Federal Aviation Administration, so negligently and carelessly owned, operated, positioned, maintained, controlled, managed, inspected, constructed or failed to warn of the hazard of the above-described localizer, its structure, platform and ladder so that on or about the 24th day of January 2006 while the above described accident aircraft was being operated near the city or town of Carlsbad, county of San Diego, state of California, said aircraft sustained or

///

///

suffered a loss of control in a collision with the localizer platform and ladder causing it to crash and thereby proximately causing the injury, death, and damages hereinafter set forth.

14. As a direct and proximate result of conduct of defendant United States of America in the above premises plaintiffs and each of them have been forced to incur expenses for funeral, burial, and memorial of Janet Shafran all in an amount which is not presently known; but which amount plaintiffs pray leave of Court to assert when determined by amending the Complaint.

15. As a direct and proximate result of the conduct of defendant United States of America in the above premises plaintiffs and each of them have suffered and shall continue to suffer the loss of earnings, earning capacity, services, contributions, benefits, care, comfort, society, protection, support, and loss of consortion of plaintiffs' decedent Janet Shafran; and thus have been generally damaged in excess of the jurisdictional minimum of this Court.

WHEREFORE plaintiffs and each of them individually pray for judgment against defendant United States of America as follows:

1. General damages in an amount in excess of the jurisdicational minimum of the Court;

2. Funeral, burial, and memorial expenses, according to proof at the time of trial;

3. Loss of earnings, earning capacity, services, contributions, benefits, and support, according to proof;

4. Interest as allowed by law;

5. Cost of suit incurred herein; and

6. Such other and further relief as the Court may deem just and proper.

/ / /

/ / /

/ / /

5

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION

## SECOND CAUSE OF ACTION

### (For Negligence, Willful And Conscious Disregard of the Safety of Others)

Come now Plaintiffs, STEVEN SHAFRAN, individually, and as Successor In Interest to Janet Shafran, deceased; ANNE M. SHAFRAN, a minor, individually and as Successor In Interest to Janet Shafran, deceased, by and through her Guardian Ad Litem, JAY SHAFRAN; MARGARET C. SHAFRAN, a minor, individually and as Successor In Interest to Janet Shafran, deceased, by and through her Guardian Ad Litem, JAY SHAFRAN; REID J. SHAFRAN, a minor, individually and as Successor In Interest to Janet Shafran, deceased, by and through his Guardian Ad Litem, JAY SHAFRAN; ISABELLE B. SHAFRAN, a minor, individually and as Successor In Interest to Janet Shafran, deceased, by and through her Guardian Ad Litem, JAY SHAFRAN, and for a cause of action based on negligence, willful and conscious disregard of the safety of others, against Defendants CESSNA AIRCRAFT COMPANY and DOES 1 through 20, and each of them, complain and allege as follows:

16. This action is brought by virtue and under the provisions of *28 USC* section 1332(a) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

17. The true names and capacities of the Defendants, DOES 1 through 20, inclusive, whether individual, corporate, associate, or otherwise, are not known to Plaintiffs, who therefore sue said Defendants by such fictitious names, and Plaintiffs will ask leave of court to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to and negligently caused the injuries and damages to Plaintiffs as herein alleged.

18. That at the time of the commencement of this action, Plaintiff ANNE M. SHAFRAN, a minor, MARGARET C. SHAFRAN, a minor, REID J. SHAFRAN, a

COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION

minor, and ISABELLE B. SHAFRAN, a minor, are the surviving children of Plaintiff STEVEN SHAFRAN and Plaintiffs' decedent, JANET SHAFRAN; and, that on or before the commencement of this action, their grandfather, JAY SHAFRAN, was or has been duly appointed Guardian Ad Litem for said minors. Plaintiffs, and each of them, reside in Washington D.C.

19. That Plaintiff STEVEN SHAFRAN is the surviving husband of JANET SHAFRAN, deceased, and together with their children, Plaintiffs ANNE M. SHAFRAN, MARGARET C. SHAFRAN, REID J. SHAFRAN, and ISABELLE B. SHAFRAN, are all successors in interest to JANET SHAFRAN, deceased, pursuant to Code of Civil Procedure sections 377.11 and 377.30, and decedent's sole surviving heirs.

20. At all times herein mentioned defendant Cessna Aircraft Company and DOES 1 through 20, were and are a corporation or other business entity existing under and by virtue of the laws of a State other than the State of California, with its principle place of business in Wichita, Kansas; and, said defendants at all times herein mentioned were and are conducting business within the State of California.

21. At all times herein mentioned defendants Cessna Aircraft Company, a corporation, and DOES 1 through 20, inclusive, were in the business of designing, manufacturing, testing, inspecting, maintaining, repairing, selling, providing instruction warnings for Cessna Citation airplanes, engines, thrust reversers, or other components, assemblies, or systems of Cessna Citation airplanes.

22. That at all times herein mentioned defendant Cessna Aircraft Company, a corporation, and DOES 1 through 20, inclusive, designed, manufactured, tested, inspected, maintained, repaired, sold, and provided instructions, parts, or warnings for a certain Cessna Citation airplane, Model 560, bearing Federal Aviation Administration (FAA) registration N86CE, to include its engines, thrust reversers and other components, assemblies, or systems of said aircraft.

///

23.  That at all times herein mentioned, defendants, and each of them, were acting as the agent, servant, employee, or joint venturer of the remaining defendants; and, in doing the things herein mentioned, were acting within the course and scope of their authority as such agent, servant, employee, or joint venturer and with the permission and consent of its co-defendants.

24.  That at all times herein mentioned the negligence of each defendant combined and cooperated with the negligence of the remaining defendants so as to cause the herein described accident, resulting injuries, and damages.

25.  That at the time of the accident, according to the Preliminary Report of the National Transportation Safety Board (NTSB), "According to numerous witnesses, the aircraft came across the runway threshold at a speed significantly higher than they had observed with other aircraft of the same or similar model. It reportedly touched down more than 1,500 feet down the runway, whereupon the thrust reversers were deployed and then ultimately stowed. The aircraft then lifted off the surface near the departure end of the runway, but its landing gear impacted the localizer platform structure, and its left wing tip collided with a platform access ladder attached to the far left side of the platform. The aircraft then traveled approximately 400 feet past that point, whereupon it settled into the terrain, and then impacted much of the external surface of a 150-ft. long commercial self-storage building. Just after coming to rest at the west end of the storage building, the aircraft burst into flames, and except for the empennage and engines, was almost totally consumed by the ensuing fire."

26.  That the runway used by Cessna airplane N86CE, at the time of the accident, was Runway 24 at McClellan-Palomar airport. The aircraft impacted the localizer platform and ladder just off the departure end of this same runway.

27.  That prior to and at the time of this accident, Defendants Cessna Aircraft Company, a corporation, and DOES 1 through 20, inclusive, so negligently, carelessly, and with willful and conscious disregard of the safety of others designed,

manufactured, tested, inspected, maintained, repaired, sold, or provided parts, instructions, or warnings for the above-described aircraft, so that on or about the 24 day of January 2006, while the aircraft was being operated in or near the city or town of Carlsbad, county of San Diego, State of California with plaintiffs' decedent, Janet Shafran, a passenger therein, did sustain or suffer a loss of control or power and collided with the localizer platform ladder causing it to crash and proximately causing the damages, injury, and death to plaintiffs' decedent, Janet Shafran.

28. That as a direct and proximate result of the conduct of the defendants, and each of them, in the above premises, plaintiffs have been forced to incur expenses for the funeral, burial, and memorial of plaintiffs' decedent, Janet Shafran, in an amount which is not presently known; and which amount the plaintiffs pray leave of Court to assert herein by amending this complaint with more fully ascertained or upon proof at the time of trial.

29. That as a further direct and proximate result of the conduct of the defendants, and each of them in the above premises, plaintiffs and each of them have suffered and shall continue to suffer the loss of earnings, earning capacity, support, counseling, care, comfort, society, services, benefits, and protections of Janet Shafran, now deceased; and, have thus been generally damaged in a sum in excess of the jurisdictional minimums of this Court.

30. That passenger Janet Shafran, now deceased, did prior to her death suffer severe pre- and post-impact injuries, damage to property, pain and suffering and emotional distress and ultimately die due to burns and inhalation of products of combustion from the post-impact fire. Her death was not instantaneous. Plaintiffs' claims survive Janet Shafran, now deceased; and as a proximate result of defendants' conduct in the above premises, plaintiffs are entitled to exemplary damages.

///

///

///

## THIRD CAUSE OF ACTION

### (Strict Liability in Tort)

31. Plaintiffs and each of them repeat, reallege, or reiterate each and every allegation set forth in paragraphs 16 through 26 and paragraphs 28 through 30, inclusive, of the Second Cause of Action on file herein with the same force and effect as though set out at this point verbatim.

32. That at all times herein mentioned defendants Cessna Aircraft Company, a corporation, and DOES 1 through 20, inclusive, were and are in the business of placing Cessna Citation airplanes, engines, thrust reversers, or other components, assemblies, or systems of Cessna airplanes into the stream of commerce.

33. That at all times mentioned herein defendant Cessna Aircraft Company, a corporation, and DOES 1 through 20, inclusive, placed into the stream of commerce a certain Cessna Citation airplane, Model 560 bearing FAA registration N86CE, its engines, thrust reversers, or other components, assemblies, or systems of said airplane, which were defective in their design, manufacturer, instructions, and warnings.

34. That defendant Cessna Aircraft Company, a corporation, and DOES 1 through 20, inclusive, knew and were aware at all times herein mentioned that the above-described aircraft, its engines, thrust reversers and other components, assemblies, or systems would be used without inspection for the defects complained of herein by passengers of said airplane.

35. That at all times herein mentioned, Defendant Cessna Aircraft Company, a corporation, and DOES 1 through 20, inclusive, intended that said aircraft, its engines, thrust reversers, or other components, assemblies, or systems reach the ultimate consumer and passengers such as decedent, Janet Shafran as designed, manufactured and sold at the time said aircraft left the factory.

///

10

**COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION**

36. That at all times herein mentioned, said aircraft, to include its engines, thrust reversers and other components, assemblies, or systems were being used in a manner reasonably intended and foreseeable to said defendants.

37. That at all times herein mentioned, plaintiffs' decedent, Janet Shafran, was unaware of the defects complained of herein.

38. That prior to and at the time of the event more particularly described herein defendants Cessna Aircraft Company, a corporation, and DOES 1 through 20, inclusive, so designed, manufactured, sold and provided after-sale service, instructions, and warnings for the above-described aircraft, to include its engines, thrust reversers and other components, assemblies, or systems of said aircraft, so that on or about the 24 day of January 2006, while said airplane was in operation near the city or town of Carlsbad, county of San Diego, state of California, the aircraft sustained a loss of power or control while plaintiffs' decedent Janet Shafran was an occupant therein, causing it to crash and thereby proximately causing the death, injuries, and damages hereinafter set forth.

WHEREFORE, plaintiffs and each of them pray judgment against defendants Cessna Aircraft Company and DOES 1 through 20, and each of them, as follows:

1. General damages in a sum in excess of the jurisdictional minimum of the Court.
2. Funeral and burial expenses, according to proof;
3. Loss of earnings, earning capacity, and support;
4. Loss of services;
5. Pre-judgment interest as allowed by law;

///
///
///

**COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION**

6. Costs of suit incurred herein; and

7. Such other further relief as the Court may deem just and proper.

Dated: 21 January 2008          MAGAÑA, CATHCART & McCARTHY

By: _____
WILLIAM H. WIMSATT
*Attorneys for Plaintiffs,* Steven Shafran; Anne M. Shafran, a minor, by and through her Guardian Ad Litem, Jay Shafran; Margaret C. Shafran, a minor, by and through her Guardian Ad Litem, Jay Shafran; Reid J. Shafran, a minor, by and through his Guardian Ad Litem, Jay Shafran; Isabelle B. Shafran, a minor, by and through her Guardian Ad Litem, Jay Shafran

## DEMAND FOR JURY TRIAL

Plaintiffs herein respectfully demand trial by Jury as to defendants Cessna Aircraft Company and DOES 1 through 20, inclusive.

Dated: 21 January 2008          MAGAÑA, CATHCART & McCARTHY

By: _____
WILLIAM H. WIMSATT
*Attorneys for Plaintiffs,* Steven Shafran; Anne M. Shafran, a minor, by and through her Guardian Ad Litem, Jay Shafran; Margaret C. Shafran, a minor, by and through her Guardian Ad Litem, Jay Shafran; Reid J. Shafran, a minor, by and through his Guardian Ad Litem, Jay Shafran; Isabelle B. Shafran, a minor, by and through her Guardian Ad Litem, Jay Shafran

12

**COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION**

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
STEVEN SHAFRAN; ANNE M. SHAFRAN, a minor, by and through her Guardian Ad Litem, JAY SHAFRAN; MARGARET C. SHAFRAN, a minor, by and through her Guardian Ad Litem, JAY SHAFRAN; REID J. SHAFRAN, a minor, by and through his Guardian Ad Litem, JAY SHAFRAN; ISABELLE B. SHAFRAN, a minor, by and through her Guardian Ad Litem, JAY SHAFRAN

**DEFENDANTS**
UNITED STATES OF AMERICA; CESSNA AIRCRAFT COMPANY, a corporation; and DOES 1 through 20, inclusive

FILED
2008 JAN 22 PM 2:27
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
William H. Wimsatt / Peter T. Cathcart
MAGAÑA, CATHCART & McCARTHY
1801 Avenue of the Stars, Suite 600
Los Angeles, California 90067-5801
(310) 553-6630

ATTORNEYS (IF KNOWN)

'08 CV 0116 IEG NLS

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Federal Tort Claims Act, 28 USC section 1346 (b)(1) alleging negigence or wrongful act or omission of an employee of the United States govenrment while acting within the scope of his or her office or employment under circumstances where the United States, (continued on Attachment IV)

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

CONTRACT:
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

TORTS - PERSONAL INJURY:
- [X] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

TORTS - PERSONAL INJURY:
- [ ] 362 Personal Injury - Medical Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY:
- [ ] 370 Other Fraud
- [ ] 371 Truth In Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

REAL PROPERTY:
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

CIVIL RIGHTS:
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

PRISONER PETITIONS:
- [ ] 510 Motion to Vacate Sentence
HABEAS CORPUS:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Conditions

FORFEITURE/PENALTY:
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

LABOR:
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

BANKRUPTCY:
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

PROPERTY RIGHTS:
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

SOCIAL SECURITY:
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

FEDERAL TAX SUITS:
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

OTHER STATUTES:
- [ ] 400 State Reappointment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ Docket Number _____

DATE: 21 January 2008
SIGNATURE OF ATTORNEY OF RECORD: William H Wimsatt

PAID $350 - 1/22/08 6H RCPT # 146692
::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

ORIGINAL

|   |   |
|---|---|
| 1 | ATTACHMENT IV. TO CIVIL COVER SHEET |
| 2 | Shafran, et al. vs. United States of America, et al. |
| 4 | CAUSE OF ACTION (continued) |
| 5 | if a private person, would be liable to the claimant in accordance with the law of the place |
| 6 | where the act or omission occurred. |
| 8 | As to defendants Cessna Aircraft Company, and DOES 1 through 20, this action is brought by |
| 9 | virtue and under the provisions of 28 *USC* section 1332 (a) in that the matter in controversy |
| 10 | exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of |
| 11 | different states. |

AO 72
(Rev. 8/82)

AO-72

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

\# 146692     - BH

January 22, 2008
14:30:16

Civ Fil Non-Pris
USAO #.: 08CV0116 CIVIL FILING
Judge..: IRMA E GONZALEZ
Amount.:                    $350.00 CK
Check#.: BC# 2287

Total-> $350.00

FROM: SHAFRAN ET AL V. U.S.A
      CIVIL FILING