1  William T. DelHagen (SBN 65615)
   Paul R. Flaherty (SBN 171170)
2  **MURCHISON & CUMMING, LLP**
   801 South Grand Avenue, 9th Floor
3  Los Angeles, California 90017-4613
   Telephone: (213) 623-7400
4  Facsimile: (213) 623-6336

5  Attorneys for Defendant, CESSNA AIRCRAFT
   COMPANY

6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 | In Re PALOMAR CRASH OF JANUARY 24, 2006, | CASE NO. Master File 06-CV-2711 DMS POR |

12 | | **ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** |

13 | STEVEN SHAFRAN; and ANNE M. SHAFRAN, a minor, by and through her Guardian Ad Litem, JAY SHAFRAN; MARGARET C. SHAFRAN, a minor, by and through her Guardian Ad Litem, JAY SHAFRAN; REID J. SHAFRAN, a minor, by and through his Guardian Ad Litem, JAY SHAFRAN; ISABELLE B. SHAFRAN, a minor, by and through her Guardian Ad Litem, JAY SHAFRAN, | Trial Date:    None |

18

19              Plaintiffs,

20       vs.

21 UNITED STATES OF AMERICA;
   CESSNA AIRCRAFT COMPANY, a
22 corporation; and DOES 1 through 20,
   inclusive,

23              Defendants.

24
   AND RELATED CONSOLIDATED CASES
25

26

27 / / /

28 / / /

                                    1                    Master File 06-CV-02711 DMS POR
                          ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

The named defendant, Cessna Aircraft Company (hereinafter referred to as "Cessna"), by and through the undersigned counsel, does hereby answer and otherwise respond to the plaintiffs' complaint as follows.

Cessna responds as follows to the specific allegations contained in the various numbered paragraphs of plaintiffs' complaint.

1. The claims in this paragraph are not applicable to Cessna and, accordingly, they are denied.

2. The claims in this paragraph are not applicable to Cessna and, accordingly, they are denied.

3. The claims in this paragraph are not applicable to Cessna and, accordingly, they are denied.

4. The claims in this paragraph are not applicable to Cessna and, accordingly, they are denied.

5. The claims in this paragraph are not applicable to Cessna and, accordingly, they are denied.

6. The claims in this paragraph are not applicable to Cessna and, accordingly, they are denied.

7. The claims in this paragraph are not applicable to Cessna and, accordingly, they are denied.

8. The claims in this paragraph are not applicable to Cessna and, accordingly, they are denied.

9. The claims in this paragraph are not applicable to Cessna and, accordingly, they are denied.

10. The claims in this paragraph are not applicable to Cessna and, accordingly, they are denied.

11. The claims in this paragraph are not applicable to Cessna and, accordingly, they are denied.

12. The claims in this paragraph are not applicable to Cessna and, accordingly, they are denied.

13. The claims in this paragraph are not applicable to Cessna and, accordingly, they are denied.

14. The claims in this paragraph are not applicable to Cessna and, accordingly, they are denied.

15. The claims in this paragraph are not applicable to Cessna and, accordingly, they are denied.

## SECOND CAUSE OF ACTION

16. Admitted on information and belief.

17. Cessna is without sufficient knowledge or information concerning the allegations contained in paragraph 17 and, accordingly, they are denied.

18. Cessna is without sufficient knowledge or information concerning the allegations contained in paragraph 18 and, accordingly, they are denied.

19. Cessna is without sufficient knowledge or information concerning the allegations contained in paragraph 19 and, accordingly, they are denied.

20. Cessna admits that the information in this paragraph is correct.

21. Cessna denies "inspecting, maintaining, repairing" the subject aircraft, but admits that the balance of the allegations in this paragraph are correct.

22. Cessna admits that it designed, built, and sold the Model 560, but denies the balance of the allegations in this paragraph.

23. The allegations in paragraph 23 of the complaint are denied.

24. The allegations in paragraph 24 of the complaint are denied.

25. Cessna admits that the language exists but, on information and belief, denies the balance of the allegations in paragraph 25.

26. Cessna admits to the allegations in paragraph 26.

27. The allegations in paragraph 27 of the complaint are denied.

28. The allegations in paragraph 28 of the complaint are denied.

| | |
|---|---|
| 1 | 29.   The allegations in paragraph 29 of the complaint are denied. |
| 2 | 30.   The allegations in paragraph 30 of the complaint are denied. |

### THIRD CAUSE OF ACTION

31.   Cessna incorporates herein its responses to paragraphs 16 through 26 and 28 through 30, inclusive, of the Second Cause of Action.

32.   Cessna admits that it sells Cessna brand aircraft, and denies the balance of the allegations in paragraph 32.

33.   The allegations in paragraph 33 of the complaint are denied.

34.   The allegations in paragraph 34 of the complaint are denied.

35.   The allegations in paragraph 35 of the complaint are denied.

36.   The allegations in paragraph 36 of the complaint are denied.

37.   Cessna is without sufficient knowledge or information concerning the allegations contained in paragraph 37 and, accordingly, they are denied.

38.   The allegations in paragraph 38 of the complaint are denied.

### AFFIRMATIVE DEFENSES

COMES NOW defendant, Cessna, and answering the complaint on file herein for itself alone and for no other defendant, admits, denies, and alleges as follows:

1.   Under the provisions of the California Code of Civil Procedure, §431.30, this answering defendant denies both generally and specifically each, every and all of the allegations contained in said complaint, and the whole thereof, and denies that plaintiffs sustained damages in the sum or sums alleged, or in any other sum or sums, or at all.

2.   Further answering the complaint on file herein, and the whole thereof, this answering defendant denies that plaintiffs sustained any injury, damage or loss, if any, by reason of any act or omission on the part of this answering defendant, or any agents, servants or employees of this answering defendant.

/ / /

/ / /

/ / /

## AS AND FOR A FIRST, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

3. Plaintiffs are barred from any recovery herein on the basis that plaintiffs' decedent's own negligence was the sole and proximate cause of the accident and injuries sustained herein, but in the event a finding is made that fault exists on the part of this answering defendant which proximately contributed to plaintiffs' decedent's injuries and/or damages, plaintiffs' amount of recovery, if any, shall be reduced on the basis of decedent's comparative fault which contributed to the incident herein and the injuries and/or damages and claims upon which plaintiffs are seeking recovery against this answering defendant; and the negligence of plaintiffs' decedent was active and, therefore, would bar any indemnity from this answering defendant on the theory of active/passive negligence.

## AS AND FOR A SECOND, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

4. This answering defendant specifically denies that any fault on defendant's part contributed to or was a proximate cause of any injuries or damages sustained by plaintiffs; but, in the event it is found that this answering defendant is at fault in any manner or to any degree, this answering defendant alleges upon information and belief that certain co defendants may be at fault to a certain degree for the injuries or damages sustained by plaintiffs' decedent, and further alleges upon information and belief that there may be persons or parties not named to this action who likewise may have contributed to a certain degree to the injuries and/or damages alleged to have been sustained by plaintiffs' decedent; whereby, this answering defendant contends that in the event there is found to be fault on its part which in any manner or degree contributed to these injuries and/or damages, a finding should be made apportioning and fixing the comparative fault of any or all parties or persons, whether named to this action or otherwise.

///

AS AND FOR A THIRD, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

5. The complaint on file herein, and each of the purported causes of action therein contained, fails to state a cause of action against this answering defendant.

AS AND FOR A FOURTH, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

6. Any damage or injury suffered by the plaintiffs' decedent herein was caused by risk of which plaintiffs' decedent was well aware and which plaintiffs' decedent voluntarily assumed.

AS AND FOR A FIFTH, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

7. The accident referred to in the complaint and all injuries and damages, if any, resulting therefrom were the result of an unavoidable accident so far as this defendant was concerned.

AS AND FOR A SIXTH, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

8. The complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action in that the full responsibility for the control of the situation, threatened harm, injuries and damages alleged passed to a third person or persons whose acts or omissions resulted in a superseding and intervening cause.

///
///
///

AS AND FOR A SEVENTH, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

9. Plaintiffs are barred from any recovery on the basis of strict liability in tort, in that the product involved is not defective.

AS AND FOR AN EIGHTH, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

10. Plaintiffs are barred from any recovery on the basis of strict liability in tort, in that if any alleged defect in the product existed, such defect was caused by alteration to the product after its purchase by the consumer.

AS AND FOR A NINTH, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

11. Plaintiffs are barred from any recovery on the basis of strict liability in tort, in that if any alleged defect in the product existed, such defect resulted from misuse of the product.

AS AND FOR A TENTH, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

12. Plaintiffs are barred from any recovery on the basis of strict liability in tort, in that if any alleged defect in the product existed, such defect did not proximately cause the accident.

AS AND FOR AN ELEVENTH, SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

13. That the Fair Responsibility Act of 1986, commonly known as Proposition 51, be given full force and effect per California Civil Code §§1431 and 1431.1 through 1431.5.

1 | Specifically, it is asserted by this answering defendant that in the event a judgment is
2 | rendered against it and in favor of the plaintiffs, that it can be held responsible, if at all, for
3 | only that proportion of "non economic" damages for which it is found liable by jury
4 | determination and that the rule of joint and several liability not apply under such
5 | circumstances.

6 |       AS AND FOR A TWELFTH, SEPARATE, DISTINCT AND
7 |       AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT
8 |       ALLEGES:

9 |   14.  Plaintiffs' complaint and the whole thereof is barred as to this answering
10 | defendant by the General Aviation Revitalization Act of 1994, 49 U.S.C. §40101 note.

11 |       AS AND FOR A THIRTEENTH, SEPARATE, DISTINCT AND
12 |       AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT
13 |       ALLEGES:

14 |   15.  If decedent was injured by any product manufactured, distributed and/or
15 | supplied by this defendant, defendant nonetheless did not breach any duty to plaintiffs
16 | and/or decedent and is not liable for those injuries claimed because this defendant had no
17 | duty to warn decedent who was a knowledgeable and sophisticated user of the product
18 | who, at the time of his or her use of the product, knew or should have known of the
19 | product's dangers even in the absence of any warnings, as held by the California Supreme
20 | Court in Johnson v. American Standard Inc., 2008 WL 878933 (Apr. 3, 2008).

21 |   WHEREFORE, this answering defendant prays that plaintiffs take nothing by way of
22 | plaintiffs' complaint on file herein, that this answering defendant be dismissed hence with its
23 | costs of suit incurred herein, and for such other and further relief as the Court may deem
24 | just and proper in the premises.
25 | / / /
26 | / / /
27 | / / /
28 | / / /

| | |
|---|---|
| 1 | **DEMAND FOR JURY TRIAL** |
| 2 | Pursuant to Federal Rules of Civil Procedure, Rule 38, defendant hereby demands a jury trial on any issues so triable. |

DATED: May 19, 2008

MURCHISON & CUMMING, LLP

By: _____
William T. DelHagen
Paul R. Flaherty
Attorneys for Defendant, CESSNA
AIRCRAFT COMPANY

J:\wtd\28390\pld\Answer-Demand for Jury Trial

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 South Grand Avenue, 9th Floor, Los Angeles, California 90017-4613.

On May 20, 2008, I served true copies of the following document(s) described as **ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

### SEE ATTACHED LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Murchison & Cumming's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 20, 2008, at Los Angeles, California.

_____
Barbara L. Ryan

Master File 06-CV-02711 DMS POR

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

**SERVICE LIST**
**Steven Shafran, et al vs. United States of America, et al**

| | |
|---|---|
| William H. Wimsatt, Esq.<br>Magana, Cathcart & McCarthy<br>1801 Avenue of the Stars<br>Suite #600<br>Los Angeles, CA  90067<br>Telephone: 310-553-6630<br>Facsimile: 310-407-2295 | Attorneys for Plaintiffs |
| Brian J. Panish, Esq.<br>Panish, Shea & Boyle<br>11111 Santa Monica Blvd., Suite 700<br>Los Angeles, CA  90025<br>Telephone: 310-477-1700<br>Facsimile: 310-477-1699 | Attorneys for Jellinek Plaintiffs |
| Joseph F. McDowell, III, Esq.<br>McDowell & Osborn<br>282 River Road<br>Manchester, NH  03-105-3360<br>Telephone: 603-623-9300<br>Facsimile: 603-623-5390 | Attorneys for Jellinek Plaintiffs |
| Frank A. Silane, Esq.<br>Condon & Forsyth LLP<br>1901 Avenue of the Stars, Suite 850<br>Los Angeles, CA  90067<br>Telephone: 310-557-2030<br>Facsimile: 310-557-1299 | Attorneys for Plaintiffs Goship Air, LLC, Jaxair, LLP & Global Serospace, Inc.<br>Attorneys for Estate of Garratt, Attorneys for Estate of Francis |
| Bruce A. Lambert, Esq.<br>Schaden, Katzman, Lambert & McClune<br>9596 Jeffco Airport Avenue<br>Broomfield, CO  80021<br>Telephone: 303-465-3663<br>Facsimile: 303-465-3884 | Attorneys for Estate of Garratt |
| Donald W. Lojek, Esq.<br>Lojek Law Office Chtd.<br>1199 West Main Street<br>Boise, ID  83701<br>Telephone: 208-343-7733<br>Facsimile: 208-343-5200 | Attorneys for Estate of Francis |
| Cynthia J. Wooley, Esq.<br>Law Office of Cynthia J. Wooley<br>P. O. Box 6999<br>180 First Street West<br>Suite 107<br>Ketchum, ID  83340<br>Telephone: 208-725-5535<br>Facsimile: 208-725-5569 | Attorneys for Estate of Garratt |

| | | |
|---|---|---|
| 1 | Thomas J. Byrne, Esq.<br>Byrne, Kiely & White LLP<br>1120 Lincoln St., Ste. 1300<br>Denver, CO  80203<br>Telephone: 303-861-5511<br>Facsimile: 303-861-0304 | Attorneys for Plaintiffs Goship Air, LLC,<br>Jaxair, LLPm abd Global Aerospace, Inc.,<br>Attorneys for Estate of Garratt, Attorneys<br>for Estate of Francis |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | James W. Huston, Esq.<br>Morrison & Foerster LLP<br>12531 High Bluff Drive, Ste. 100<br>San Diego, CA  92130-2040<br>Telephone: 858-720-52100<br>Facsimile: 858-720-5125 | Attorneys for Defendant, Third-Party<br>Plaintiff COUNTY OF SAN DIEGO |
| 6 | | |
| 7 | | |
| 8 | U S Attorneys Office<br>U S Attorneys Civil Division<br>Southern Division<br>880 Front St., Ste.6253<br>San Diego, CA  92101<br>Telephone: 619-557-5662<br>Facsimile: 619-5577122 | Attorneys for Defendant United States of<br>America |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | Peter Francis Frost, Esq.<br>US Department of Justice<br>P. O. Box 14271<br>Washington, DC  20044-4271<br>Telephone: 202-616-4000<br>Facsimile: 202-616-4002 | Attorneys for Defendant United States of<br>America |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | Michael D. Jonescu. Esq.<br>Law Office of Robert A. Stutman P.C.<br>500 No. State College Blvd.<br>Suite 1100<br>ORANGE, CA  92868<br>Telephone: 562-432-4300<br>Facsimile: 562-437-7059 | Attorneys for Defendant New Hampshire<br>Insurance Co. |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Master File 06-CV-02711 DMS POR

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL